IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br>PAUL CASEY KREHBIEL,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [30] MOTION TO RECEIVE CREDIT FOR TIME SERVED**<br><br>Case No. 2:13-CR-703-DN-1<br><br>District Judge David Nuffer |

Defendant Paul Casey Krehbiel seeks an order granting him credit against his sentence for time served during his pretrial detention.[1] Because Mr. Krehbiel's pretrial detention occurred pursuant to a writ of habeas corpus *ad prosequendum* and because the State of Utah granted credit against Mr. Krehbiel's state court sentences for this time, he is not entitled to a credit against his sentence in this matter. Mr. Krehbiel's Motion to Receive Credit for Time Served is therefore DENIED.

## BACKGROUND

On October 16, 2013, Mr. Krehbiel was indicted in this matter on one count of a felon in possession of a firearm and ammunition under 18U.S.C. § 922(g)(1), and one count of possession of a stolen firearm under 18 U.S.C. § 922(j).[2] On November 29, 2013, Mr. Krehbiel was arrested for forgery and placed in custody by the State of Utah.[3] At that time, Mr. Krehbiel also had a pending state court case stemming from an August 28, 2013 arrest for forgery.[4] Mr.

---

[1] *See* Motion to Receive Credit for Time Served, docket no. 30, filed Mar. 10, 2016.

[2] *See* Indictment, docket no. 1, filed Oct. 16, 2013.

[3] *See* Motion to Receive Credit for Time Served at 1.

[4] *See* Government's Response to Defendant's Motion to Receive Credit for Time Served ("Government's Response") at 2, docket no 32, filed Mar. 23, 2016.

Krehbiel was sentenced to two 0 to 5-year prison terms in his state court cases on January 30, 2014.[5] Mr. Krehbiel remained in state custody until February 20, 2014, when he was brought before Magistrate Judge Dustin B. Pead for his initial appearance in this matter.[6] This occurred through a writ of habeas corpus *ad prosequendum*.[7]

On April 15, 2014, Mr. Krehbiel pled guilty to the felon in possession of a firearm and ammunition charge.[8] Mr. Krehbiel was then sentenced on June 30, 2014, to 51 months imprisonment followed by 36 months of supervised release pursuant to a Rule 11(c)(1)(C) plea agreement ("Federal Sentence").[9] The Government dismissed Mr. Krehbiel's possession of a stolen firearm charge.[10] Mr. Krehbiel's Federal Sentence was silent as to whether it would run concurrent with or consecutive to Mr. Krehbiel's state court sentences.[11]

Mr. Krehbiel remained in federal custody through his sentencing, and on July 7, 2014, was transported back to the Utah State Prison to complete his state court sentences.[12] On November 18, 2014, the State of Utah terminated Mr. Krehbiel's state court sentences and released him into federal custody to serve his Federal Sentence.[13] The State of Utah credited all

---

[5] *See id*.; Motion to Receive Credit for Time Served at 1.

[6] *See* Minute Entry for Proceedings held before Magistrate Judge Dustin B. Pead, docket no. 10, Feb. 20, 2014.

[7] *See* Writ of Habeas Corpus ad prosequendum, docket no. 8, filed February 13, 2014.

[8] *See* Minute Entry for Proceedings held before Magistrate Judge Brooke C. Wells, docket no. 17, Apr. 15, 2014.

[9] *See* Minute Entry for Proceedings held before Judge David Nuffer, docket no. 25, June 20, 2014; Judgment in a Criminal Case at 2-3, docket no. 26, filed June 30, 2014.

[10] *See* Minute Entry for Proceedings held before Judge David Nuffer, docket no. 25, June 20, 2014; Judgment in a Criminal Case at 1, docket no. 26, filed June 30, 2014.

[11] *See* Minute Entry for Proceedings held before Judge David Nuffer, docket no. 25, June 20, 2014; Judgment in a Criminal Case, docket no. 26, filed June 30, 2014.

[12] *See* Motion to Receive Credit for Time Served at 1; Government's Response at 3.

[13] *See* Motion to Receive Credit for Time Served at 1.

of the time Mr. Krehbiel spent incarcerated from February 2014 through July 2014 against his state court sentences.[14]

Mr. Krehbiel now seeks an order granting him credit against his Federal Sentence for the time he served during his pretrial detention, *i.e.*, "from February 20, 2014 to July 7, 2014."[15]

## DISCUSSION

"The computation of a federal sentence requires consideration of two separate issues."[16] "Initially, [the court will] determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence."[17] A federal sentence of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[18] Therefore, "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."[19] Credit against a federal sentence of imprisonment is given "for any time [the defendant] has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*."[20]

The State of Utah, not the federal government, was the first to take Mr. Krehbiel into custody following his November 29, 2013 arrest. The State of Utah therefore had primary

---

[14] *See* Government's Response at 3.

[15] Motion to Receive Credit for Time Served at 1.

[16] *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

[17] *Id*.

[18] 18 U.S.C. § 3585(a).

[19] *Binford*, 436 F.3d at 1255.

[20] 18 U.S.C. ¶ 3585(b) (emphasis added).

custody of Mr. Krehbiel and the right to maintain or relinquish control of him.[21] Because the federal government took only temporary custody of Mr. Krehbiel under a writ of habeas corpus *ad prosequendum*, the State of Utah was entitled to Mr. Krehbiel's return after his federal sentencing under the law of comity and the requirements of the writ.[22] This occurred on July 7, 2014, when Mr. Krehbiel was transported back to the Utah State Prison to complete his state court sentences. Accordingly, Mr. Krehbiel's Federal Sentence did not commence until November 18, 2014, when the State of Utah terminated his state court sentences and released him into federal custody.[23]

Because Mr. Krehbiel's Federal Sentence did not begin to run until November 18, 2014, and because Mr. Krehbiel received credit against his state court sentences for all of the time he spent incarcerated from February 2014 through July 2014, he is not entitled to credit against his Federal Sentence for the time of his pretrial detention. "That is because [a defendant] is not entitled to double credit."[24] Additionally, because Mr. Krehbiel's Federal Sentence was silent as to whether it would run concurrent with or consecutive to his state court sentences, "a statutory presumption [wa]s triggered; multiple sentences imposed at different times—even as between state and federal sentences—run consecutively."[25] Mr. Krehbiel therefore is not entitled to credit against his Federal Sentence for the time of his pretrial detention on the basis of concurrent sentencing. Accordingly, Mr. Krehbiel is not entitled to the relief requested in his Motion to Receive Credit for Time Served.[26]

---

[21] *See Newman v. Cozza-Rhodes*, 526 Fed.Appx. 818, 821 (10th Cir. 2013).

[22] *See id.*

[23] *See* 18 U.S.C. § 3585(a); *Binford*, 436 F.3d at 1255.

[24] *Newman*, 526 Fed.Appx. at 822 (citing 18 U.S.C. § 3585(b)).

[25] *Id.* (citing 18 U.S.C. § 3584(a)).

[26] *See* Motion to Receive Credit for Time Served.

**ORDER**

IT IS HEREBY ORDERED that Krehbiel's Motion to Receive Credit for Time Served[27] is DENIED.

Signed April 13, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[27] *See id.*